USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE BROWN,

                          Petitioner.

              v.

UNITED STATES,

                          Respondent.

22-CV-9146 (NSR)

14-CR-00509 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

Petitioner Lawrence Brown ("Brown" or "Petitioner") was charged in a four count indictment with having committed two Hobbs Act Robberies, in violation of 18 USC § 1951, and with brandishing a firearm during crimes of violence, in violation of 18 USC § 924(c). Brown was accused of committing two separate robberies; one on November 14, 2013 at a Rite Aid Pharmacy and one on April 4, 2014 at a Shop Rite Supermarket. After a jury convicted Brown of two counts of robbery and brandishing a firearm in furtherance of committing a crime of violence, he was ultimately sentenced to a term of 303 months; the Second Circuit modified this term to 300 months following Brown's appeal of his sentence. (ECF No. 99.)

On October 24, 2022, Petitioner Lawrence Brown, appearing *pro se*, and currently incarcerated in F.C.I. Ray Brook, filed a motion under 28 U.S.C. § 2255 ("§ 2255"), challenging his conviction and sentence. (*See* ECF No. 101.) Brown then filed a supplemental motion under § 2255, asserting the additional ground for relief that his trial counsel failed to advise him of his right to testify in his own defense. (ECF No. 109.) The Government submitted an initial response and application to this supplemental motion to seek an affidavit from Brown's trial attorney, given that the Government does not have access to any facts pertaining to Brown's communications with

his trial attorney. (ECF No. 111.) The Government's application thereby seeks information that is protected by attorney-client privilege unless Brown waives this privilege. (*Id.*)

As the Government recognizes, the typical practice of courts in this Circuit is to require that the Petitioner formally waive his attorney-client privilege before proceeding further on a § 2255 motion implicating advice of counsel, even though a Petitioner's claim for ineffective assistance of counsel usually constitutes an implicit waiver of attorney-client privilege. *See United States v. Cruz-Polanco*, No. 21 CR. 709 (JPO), 2023 WL 119438, at *1 (S.D.N.Y. Jan. 6, 2023) (ordering that the *pro se* petitioner on a § 2255 motion implicating advice of counsel sign a consent form waiving attorney-client privilege and noting that, if the consent form was not returned executed, the Court would deny the ineffective assistance of counsel claim); *United States v. Ulbricht*, No. 14 CR. 68 (LGS), 2019 WL 5957163, at *1 (S.D.N.Y. Nov. 13, 2019) (likewise ordering that the petitioner on a § 2255 motion implicating advice of counsel sign a consent form waiving attorney-client privilege and noting that, if the consent form was not returned executed, this may be grounds for the Court to deny the § 2255 motion). Thus, the Court orders as follows:

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim,

IT IS HEREBY ORDERED that Counsel may discuss the issues raised in the supplemental § 2255 motion with the Government and, if necessary and appropriate, give sworn testimony, in the form of an affidavit or otherwise, addressing the allegations of ineffective assistance of counsel made by Petitioner; it is further

ORDERED that Petitioner execute and return to this court by May 15, 2023, the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. Petitioner must return the document to the court by May 15, 2023. The failure to return the document shall result in the denial of the supplemental § 2255 motion, on the ground that Petitioner failed to authorize the disclosure of information needed to permit the Government to respond to this supplemental motion; and it is further

ORDERED that the briefing schedule for petitioner's supplemental § 2255 motion established by the Court on April 11, 2023 (ECF No. 110) is stayed, pending Petitioner's response to this Order.

The Clerk of the Court is kindly directed to mail a copy of this Order to *pro se* Petitioner Lawrence Brown at the address listed on the civil docket and show service.

Dated:    April 13, 2023                                          SO ORDERED:
          White Plains, New York

                                          _____
                                               NELSON S. ROMÁN
                                            United States District Judge

3

**Attorney-Client Privilege Waiver (Informed Consent)**

**To: Lawrence Brown**

You have made a supplementary motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyer, Paul Peter Rinaldo (referred to in this form as "your former attorney" or "Counsel"). The court has reviewed your papers and determined that it needs to have sworn testimonial statements from your former attorney in order to evaluate your supplementary motion.

By making this supplementary motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your supplementary motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court. The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his representation of you. However, you should also

4

know that the court will deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within thirty (30) days from the date of the Court's Order directing your former lawyers to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the court will automatically deny your supplementary motion.

### NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Paul Peter Rinaldo, to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my supplemental motion.

Dated: _____

Sworn to before me this _____ day of _____, 20____

_____

Notary Public