USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE BROWN,

Petitioner,

–against–

USA,

Respondent.

22-cv-9146 (NSR)

14-cr-00509 (NSR)

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**

NELSON S. ROMÁN, United States District Judge:

Petitioner, Lawrence Brown, appearing *pro se* and currently incarcerated, filed this motion under 28 U.S.C. § 2255, challenging his conviction and sentence. *See United States v. Brown*, ECF 7:14-CR-00509-1.72 (NSR) (S.D.N.Y. Feb 8, 2018) (convicting Petitioner of two counts of robbery and brandishing a firearm in furtherance of committing a crime of violence). For the reasons stated below, Petitioner's motion is denied.

## BACKGROUND

Petitioner is currently serving a 300-month sentence. On November 19, 2020, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 97.) On December 3, 2020, the Court denied that motion without prejudice as premature because Petitioner's direct appeal remained pending. (ECF No. 98.) The Second Circuit subsequently issued its mandate on July 26, 2021, affirming Petitioner's sentence as modified. (ECF No. 99.)

On October 24, 2022, Petitioner filed a new motion to vacate, set aside, or correct his sentence pursuant to § 2255, which was docketed as ECF No. 1 in Civil Case No. 22-CV-9146 ("Petitioner's Mot."). On October 27, 2022, the Court ordered the Government to respond to the petition. (ECF No. 101.) On January 9, 2023, the Government filed its memorandum in opposition

to Petitioner's § 2255 motion. (ECF No. 106.) On April 10, 2023, Petitioner supplemented his petition, alleging, among other things, that trial counsel failed to inform him of his right to testify. (ECF No. 109.) On April 13, 2023, the Court directed Petitioner to execute an attorney-client privilege waiver by May 15, 2023, and stayed briefing on the supplemental petition pending receipt of the waiver. (ECF No. 112.)

On May 20, 2024, Petitioner filed a petition for a writ of mandamus, representing that he had executed and returned the waiver and seeking action on his § 2255 petition. (ECF No. 115.) On September 23, 2024, the Court noted that it had no record of receiving the waiver and directed Petitioner to execute and return another waiver. (ECF No. 117.) Following issues concerning service of that Order, the Court extended Petitioner's deadline to submit the waiver to January 6, 2025, and established a revised briefing schedule. (ECF No. 121.) Petitioner's executed attorney-client privilege waiver was filed on December 26, 2024. (ECF No. 123.) On February 6, 2025, the Government filed its opposition to Petitioner's supplemental § 2255 petition, together with an affidavit from Petitioner's trial counsel. (ECF No. 124.)

## APPLICABLE LAW

### I. Petitions Under 28 U.S.C. § 2255

Section 2255(a) of Title 28 of the United States Code provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under this statute is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587,

590 (2d Cir. 1996) (per curiam) (citation and internal quotation marks omitted). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (citation and internal quotation marks omitted). A live testimonial hearing is required to adjudicate a § 2255 motion only in circumstances not present here. *See Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) ("[I]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.") (alteration, citations, and internal quotation marks omitted); *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (district court's review of the papers submitted with respect to the petition constituted a sufficient evidentiary hearing).

## II. Law Governing Ineffective Assistance of Counsel Claims

To prove ineffective assistance, a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *accord United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010); *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003); *see also Massaro v. United States*, 538 U.S. 500, 505 (2003) ("[A] defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial.").

In evaluating the first prong—whether counsel's performance fell below an objective standard of reasonableness— "'[j]udicial scrutiny ... must be highly deferential,'" and the petitioner must overcome the "'presumption that, under the circumstances, the challenged action

might be considered sound trial strategy.'" *Bell v. Cone*, 535 U.S. 685, 698 (2002) (quoting *Strickland*, 466 U.S. at 689) (alteration in original); *see Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (according counsel a presumption of competence). With respect to the second prong—the prejudice requirement—the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *accord Lynn v. Bliden*, 443 F.3d 238, 247–48 (2d Cir. 2006). The Second Circuit generally "requires some objective evidence other than defendant's assertions to establish prejudice." *Pham*, 317 F.3d at 182 (citing *United States v. Gordon*, 156 F.3d 376, 380–81 (2d Cir. 1998) (per curiam)). Unlike the reasonableness prong, the prejudice determination "may be made with the benefit of hindsight." *Morgan v. United States*, 2009 WL 1172849, at *5 (E.D.N.Y. May 1, 2009) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 371–73 (1993)).

## DISCUSSION

Petitioner claims that he received ineffective assistance of counsel in several respects: (1) Jason Ser, Esq. failed to attend a meeting concerning the collection of Petitioner's DNA; (2) George Fufidio, Esq. allegedly engaged in plea negotiations with the Government without Petitioner's authorization; (3) Bruce Koffsky, Esq. had other clients proceeding to trial and sought to withdraw from representing Petitioner; and (4) Paul Rinaldo, Esq. advised Petitioner not to wear certain religious clothing at trial, failed to call witnesses on Petitioner's behalf, and failed to investigate an individual allegedly connected to the getaway driver. Petitioner also raises a supplemental ineffective assistance claim, alleging that trial counsel failed to advise him of his constitutional right to testify on his own behalf. (ECF No. 109.)

In addition, the Petitioner claims that his firearms convictions are unlawful because Hobbs Act robbery is not a crime of violence and therefore cannot serve as a predicate offense underlying a conviction under 18 U.S.C. § 924(c).

## I. Jason Ser, Esq.

Petitioner first contends that Mr. Ser rendered ineffective assistance by failing to attend an unscheduled meeting concerning the execution of a warrant authorizing the collection of Petitioner's DNA. (Petitioner's Mot. at 7) Petitioner did not wish to provide a DNA sample and was dissatisfied that Mr. Ser did not attend the meeting personally. *Id*. Instead, Ms. Susan Brody appeared on Mr. Ser's behalf. *Id*.

Petitioner fails to establish that Mr. Ser's absence constituted deficient performance. Although Mr. Ser did not personally attend the meeting, Ms. Brody, the Lead Attorney for the Public Defender's Office, appeared on his behalf. *Id*. Moreover, because the collection of Petitioner's DNA was authorized by a court-issued warrant, Mr. Ser's personal presence was not required. Accordingly, Petitioner has not shown that Mr. Ser's representation fell below an objective standard of reasonableness. Since Petitioner fails to satisfy the deficient-performance prong of *Strickland*, the Court need not reach whether Petitioner suffered prejudice.

## II. George Fufidio, Esq.

Petitioner next argues that Mr. Fufidio was ineffective because counsel allegedly engaged in plea negotiations with the Government without the Petitioner's authorization. (Petitioner's Mot. at 10.)

Even assuming[1] that Mr. Fufidio discussed a potential plea agreement with the Government without Petitioner's express authorization, Petitioner has not demonstrated that he suffered any prejudice as a result. Petitioner did not enter a guilty plea pursuant to any such agreement. Rather, Petitioner wished to proceed to trial and ultimately did so. Accordingly, Petitioner has not shown a reasonable probability that, but for Mr. Fufidio's alleged conduct, the outcome of the proceedings would have been different. Since Petitioner fails to establish prejudice, the Court need not determine whether Mr. Fufidio's performance was deficient.

## III. Bruce Koffsky, Esq.

Petitioner next argues that Mr. Koffsky was ineffective because counsel had other clients proceeding to trial and sought to withdraw from representing Petitioner on multiple occasions. (Petitioner's Mot. at 10-11) The record shows, however, that Mr. Koffsky filed pre-trial motions on Petitioner's behalf and, when Petitioner expressed a desire for new counsel, informed the Court of Petitioner's request. Petitioner does not identify any specific prejudice resulting from Mr. Koffsky's representation, particularly because the Court ultimately granted Petitioner's request for substitute counsel. Accordingly, Petitioner has failed to establish that Mr. Koffsky's performance was deficient or that he suffered prejudice as a result of the alleged deficient representation.

## IV. Paul Rinaldo, Esq.

Lastly, Petitioner raises three claims of ineffective assistance with respect to Mr. Rinaldo, his seventh attorney. Petitioner contends that Mr. Rinaldo advised him not to wear certain religious clothing at trial because of how that clothing might be perceived by the jury. (Petitioner's Mot. at 12-13.) Petitioner further contends that Mr. Rinaldo was ineffective because he called no witnesses on Petitioner's behalf and failed to investigate an individual whom Petitioner claims may have had

[1] The Government states in its opposition (ECF No. 106) that it has no record of any such discussions.

some connection to the alleged getaway driver involved in the robberies. (*Id.* at 14–16.) None of these claims satisfies either prong of *Strickland*.

First, Petitioner has not established ineffective assistance based on Mr. Rinaldo's advice concerning his courtroom attire. The Court need not determine whether Mr. Rinaldo's advice that Petitioner refrain from wearing certain religious clothing at trial fell below an objective standard of reasonableness because Petitioner cannot demonstrate prejudice. Petitioner did not follow Mr. Rinaldo's advice and instead wore the religious clothing he wished to wear at trial. Accordingly, even assuming that counsel's advice was deficient, Petitioner has not shown a reasonable probability that, but for that advice, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.

Second, Petitioner argues that Mr. Rinaldo was ineffective because he did not call any witnesses on Petitioner's behalf to rebut the Government's evidence. (Petitioner's Mot. at 14.) This claim is likewise insufficient. "Bald allegations unsupported by evidentiary facts do not" warrant relief under § 2255. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting *Newfield v. United States*, 565 F.2d 203, 207 (2d Cir. 1977)). Moreover, counsel's decision whether to call witnesses is ordinarily a matter of trial strategy entitled to substantial deference. *See United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) ("[C]ounsel's decision as to whether to call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation.").

Here, Petitioner does not explain what testimony any proposed witness would have offered, how that testimony would have undermined the Government's evidence, or how the failure to present it affected the outcome of his trial. *See Skinner v. Duncan*, No. 01 Civ. 6656 (DAB) (AJP), 2003 WL 21386032, at *38 (S.D.N.Y. June 17, 2003) (explaining that a petitioner may not merely

assert that witnesses might have provided relevant testimony, but must identify the substance of the testimony and explain how it would have altered the result). Petitioner's generalized disagreement with Mr. Rinaldo's decision not to call additional witnesses is therefore insufficient to establish either deficient performance or prejudice.

Finally, Petitioner alleges that Mr. Rinaldo was ineffective because he failed to investigate an individual who, according to Petitioner, may have switched cars with the person Petitioner describes as the "so called" getaway driver. (Petitioner's Mot. at 15-16.) This claim is similarly speculative. Petitioner does not identify what information further investigation would have uncovered, what testimony this individual could have provided, or how that evidence would have affected the outcome of the trial. *See Skinner*, 2003 WL 21386032, at *38.

To be sure, counsel has a duty to conduct a reasonable investigation or to make a reasonable decision that renders further investigation unnecessary. *Strickland*, 466 U.S. at 691. But "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," and decisions limiting an investigation are reasonable to the extent they are supported by reasonable professional judgment. *Id.* at 690-91. Here, Petitioner alleges only a tenuous connection between the unidentified individual and the alleged getaway driver, without explaining what relevant or exculpatory evidence further investigation would have produced. Against that speculative assertion, the evidence identifying Petitioner as the perpetrator was substantial: Petitioner was captured on video committing the robberies, his DNA was recovered from the zip tie used to bind a victim, and another victim identified him. Under these circumstances, Petitioner has not demonstrated that it was objectively unreasonable for Mr. Rinaldo to focus his efforts on contesting the evidence identifying Petitioner as the perpetrator rather than pursuing speculative evidence concerning the identity of a possible getaway driver. Nor

has Petitioner shown a reasonable probability that additional investigation would have altered the verdict.

Accordingly, Petitioner has failed to establish that Mr. Rinaldo's performance was deficient or that he suffered prejudice as a result of the alleged deficient representation.

**V. Supplemental Right to Testify Claim**

In Petitioner's supplement to his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, Petitioner raises an additional claim of ineffective assistance of counsel. (ECF No. 109.) Petitioner alleges that neither the Court nor his appointed counsel advised him of his constitutional right to testify on his own behalf. Petitioner further contends that, had he been aware of that right, the outcome of his trial would have been different.

Petitioner's supplemental ineffective assistance of counsel claim based on counsel's alleged failure to advise him of his right to testify is untimely. Petitioner first raised that claim in his supplemental 28 U.S.C. § 2255 submission mailed on March 31, 2023, well more than one year after his conviction became final for purposes of 28 U.S.C. § 2255(f)(1). Since the right to testify claim was not raised in Petitioner's first timely motion and Petitioner has not identified any extraordinary circumstances warranting equitable tolling, the claim is barred by the one-year statute of limitations. Accordingly, Petitioner's supplemental ineffective assistance of counsel claim is denied as untimely.

**VI. 18 U.S.C. § 924(c) Convictions**

Petitioner also argues that his convictions under 18 U.S.C. § 924(c) are unlawful because Hobbs Act robbery does not qualify as a "crime of violence." (Petitioner's Mot. at 17-19.) That argument is foreclosed by binding Second Circuit precedent.

In *United States v. Hill*, the Second Circuit held that completed Hobbs Act robbery categorically constitutes a crime of violence under § 924(c)(3)(A)'s elements clause. 890 F.3d 51, 60 (2d Cir. 2018). The Supreme Court's subsequent decision in *United States v. Taylor*, 596 U.S. 845 (2022), does not alter that conclusion. *Taylor* held only that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A). *Id.* at 851. Indeed, following *Taylor*, the Second Circuit expressly reaffirmed that completed Hobbs Act robbery remains a valid § 924(c) predicate, explaining that "nothing in *Taylor's* language or reasoning" undermined its settled precedent that completed Hobbs Act robbery categorically constitutes a crime of violence. *United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023).

Here, Petitioner was convicted of two counts of completed Hobbs Act robbery, not attempted Hobbs Act robbery. Accordingly, *Taylor* is inapposite, and Petitioner's Hobbs Act robbery convictions were valid predicates for his convictions under § 924(c). To the extent Petitioner relies on cases holding that Hobbs Act robbery is not a "crime of violence" under the career-offender provision of the Sentencing Guidelines, those cases are likewise inapposite because the Guidelines employ a different definition of "crime of violence." *See United States v. Chappelle*, 41 F.4th 102, 104–05 (2d Cir. 2022).

Accordingly, Petitioner's challenge to his § 924(c) convictions is denied.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk of the Court is kindly directed to mail a copy of this order to Petitioner and show proof of service on the docket. The Court further directs the Clerk to terminate the motion at ECF No. 1 and close 22-cv-9146.

SO ORDERED.

Dated: September 23, 2026
White Plains, New York

Nelson S. Román, U.S.D.J.